UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RASHEED DAVIS                                        CIVIL ACTION

VERSUS                                               NUMBER: 21-0452

STATE OF LOUISIANA, ET AL.                           SECTION: "F"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding, which was initially filed in the United States District Court for the Northern District of Texas and was thereafter transferred here, was initiated *in forma pauperis* by *pro se* Plaintiff, Rasheed Davis, against Defendants, the State of Louisiana, the Jefferson Parish Sheriff's Office ("JPSO"), unidentified JPSO jail officials, the unidentified JPSO medical staff, and MedFusion Labs in Lewisville, Texas, a private company that provides support to healthcare providers. (Rec. docs. 3, pp. 1, 2-3; 6). Plaintiff, an inmate of the Grimes County Jail in Anderson, Texas, who was previously confined at the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana, from approximately August 8 to September 20, 2020, complained of various conditions of confinement allegedly existing at the latter facility during the COVID-19 pandemic. (Rec. doc. 3). Plaintiff sought an unquantified amount of financial compensation for the pain and suffering he reportedly endured. (*Id.* at p. 5).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 10). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the

undersigned Magistrate Judge that this matter, as respects the currently-named Defendants, be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

As for the first-listed Defendant, the State of Louisiana, the law is clear that the Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999) (citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)).[1/]  Because sovereign immunity deprives a court of jurisdiction, the claims so barred from consideration are appropriately dismissed without prejudice. *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 2006).  In light of these authorities, it will be recommended that Plaintiff's §1983 claims against the State of Louisiana be dismissed without prejudice for want of jurisdiction.

Turning to the next-listed Defendant, JPSO, in Louisiana a "… sheriff's office is not a legal entity capable of being sued." *Cozzo v. Tangipahoa Parish Council – President's Government*, 279 F.3d 273, 283 (5th Cir. 2002); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D. La. 2009); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988).  The next two groups of Defendants named by Plaintiff are unidentified JPSO jail officials and the unidentified JPSO medical staff.  Such generically-named individuals are not appropriate Defendants in a civil rights suit like this one. *Howard v. Gusman*, No. 11-CV-2602, 2011 WL

---

[1/] In addition, neither states, their departments, nor their officials acting in their official capacity are considered to be "persons" within the meaning of §1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

6130763 at *2-3 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011); *Jacobson v. Gusman*, No. 09-CV-3695, 2009 WL 2870171 at *2 (E.D. La. Aug. 10, 2009), *adopted*, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006).

The final Defendant named by Plaintiff is MedFusion Labs. Such private entities, however, are generally not considered to be acting under color of state law for purposes of §1983 liability. *Johnston v. Unknown Surgeons*, No. 18-CV-0245, 2019 WL 10945396 at *4 (N.D. Tex. Apr. 24, 2019); *Walker v. Green Clinic Medical Center*, No. 16-CV-1129, 2017 WL 872665 at *3-4 (W.D. La. Jan. 17, 2017). Thus, in the absence of any specifically identified and named jail personnel who allegedly violated Plaintiff's constitutional rights, there are no appropriate juridical persons before the Court against whom judgment may properly be entered. *Howard*, 2011 WL 6130763 at *2-3; *Allen*, 2006 WL 286007 at *3 n. 8. In light of these authorities, it will be recommended that Plaintiff's §1983 claims against the Defendants other than the State of Louisiana be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's §1983 claims against the State of Louisiana be dismissed for want of jurisdiction and that his §1983 claims against the remaining Defendants be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this  16th  day of        March       , 2021.

                          MICHAEL B. NORTH
                       UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.